FILED

JAN 25 2021

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDECT USA CORP., <br> Plaintiff, <br> v. <br> PARK ASSIST, LLC, <br> Defendant. | Case No.: 3:18-cv-02409-BEN-DEB <br><br> **ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS** <br><br> **[ECF No. 69]** |

This matter comes before the Court on Plaintiff Indect USA Corp.'s ("Indect") Motion to Dismiss two of the counterclaims filed by Defendant Park Assist, LLC ("Park Assist"). ECF No. 69. Indect seeks dismissal of Park Assist's second and third counterclaims, which request declaratory judgment of direct infringement and induced infringement, respectively. For the following reasons, the Motion is **DENIED**.

I.   **BACKGROUND**

Indect and Park Assist are direct competitors that develop and sell technologies for camera-based parking guidance systems. These systems manage the occupancy of parking spaces within a parking lot or parking garage by detecting a space's occupancy status with cameras and sensors. Park Assist owns United States Patent Number 9,594,956 ("the '956 Patent"), which is the subject of this lawsuit.

Park Assist is also involved in a related lawsuit pending before this Court. *See Park Assist, LLC v. San Diego Cty. Reg'l Airport Auth., et al.*, Case No. 18-cv-2409-

1

BEN-DEB. In that case, Park Assist sued the San Diego County Regional Airport Authority ("SDCRAA") for infringing the '956 Patent by using Indect's UPSOLUT parking guidance system at the Terminal 2 parking garage of the San Diego International Airport. Park Assist alleges UPSOLUT practices each and every element of at least claim 1 of the '956 Patent.

Shortly after Park Assist filed suit against the SDCRAA, Indect sued Park Assist seeking, *inter alia*, a declaratory judgment that UPSOLUT does not infringe the '956 Patent. ECF No. 58. Park Assist counterclaimed for (1) induced infringement of the '956 Patent, (2) declaratory judgment of direct infringement of the '956 Patent, and (3) declaratory judgment of induced infringement of the '956 Patent. ECF No. 68.

Thereafter, Indect filed this Motion to Dismiss both of Park Assist's declaratory judgment counterclaims (the "Motion"). ECF No. 69. Indect does not challenge Park Assist's first counterclaim. The Motion is fully briefed and was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 78.

## II.   LEGAL STANDARD

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or absence of sufficient alleged facts under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the [claimant]." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A claimant must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Based on the procedural history of this case, Indect filed this Motion to Dismiss before the Parties had the benefit of the Court's Claims Construction Order regarding the '956 Patent. *See* ECF No. 80. That Order makes disposition of this Motion straightforward.

#### A. *Counterclaim for Declaratory Judgment of Direct Infringement*

Indect first argues Park Assist is seeking relief for future, speculative harm, and therefore is asking the Court to issue an impermissible advisory opinion. Mot., ECF No. 69, 4. Indect also argues Park Assist has failed to allege sufficient facts to support the direct infringement counterclaim. *Id.* at 6. Specifically, Indect argues that it cannot directly infringe the '956 Patent because Indect does not manage a parking garage, and Park Assist cannot speculate Indect will manage a parking garage sometime in the future. Reply, ECF No. 77, 2. Based on the Court's Claims Construction Order construing certain terms and phrases in the '956 Patent, these arguments lack merit.

The Declaratory Judgment Act provides that "in a case of actual controversy," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief could be sought." 28 U.S.C. § 2201(a). In patent cases, declaratory judgment of infringement is available when the defendant engages in acts "directed toward making, selling, or using subject to an infringement charge under 35 U.S.C. § 271(a) . . . or [] making meaningful preparation for such activity," that "indicate a refusal to change the course of its actions in the face of acts by the patentee sufficient to create a reasonable apprehension that a suit will be forthcoming." *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990). This standard allows for declaratory judgment in cases that, at first glance, may appear to seek an advisory opinion based on hypothetical, future conduct.

Here, however, Park Assist's claim clearly meets the standard of "a case of actual

controversy." 28 U.S.C. § 2201(a). Indect's argument assumes the '956 Patent requires a human operator in certain steps of the patented method. Indect asserts it merely sells the UPSOLUT parking guidance system and does not itself manage parking garages staffed by human operators, which means it cannot infringe at least some of the steps in the '956 Patent. Reply, ECF No. 77, 8. However, the Court's Claims Construction Order reached the opposite conclusion on the relevant parts of the '956 Patent: the method taught by the '956 Patent does not necessarily require a human operator. It follows that Indect's UPSOLUT parking guidance system *could* infringe the '956 Patent without Park Assist having to prove Indect operates parking garages, and Park Assist has plausibly pled that here. *See Twombly*, 550 U.S. at 570. When discovery is complete, the Court may conclude on a motion for summary judgment that the UPSOLUT system does not infringe the '956 Patent, but at this point, Park Assist has met its pleading burden. Indect's Motion to Dismiss this counterclaim is, therefore, denied.

### B. *Counterclaim for Declaratory Judgement of Induced Infringement*

Indect argues Park Assist's counterclaim seeking declaratory judgment for induced infringement of the '956 Patent "suffers from the same infirmities" as the counterclaim discussed above: "hypothetical future conduct or Indect's allegations of non-infringement" are the only bases for the allegation. Mot., ECF No. 69, 6. For the reasons addressed in the previous counterclaim, the Claims Construction Order put this argument to rest at this phase of the litigation. Park Assist's counterclaim plausibly alleges induced infringement, and therefore, Indect's Motion to Dismiss this counterclaim is denied.

## IV. CONCLUSION

Based on the foregoing, Indect's Motion to Dismiss Park Assist's counterclaims seeking declaratory judgment of direct and induced infringement is **DENIED**.

**IT IS SO ORDERED.**
Date: January 25, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge