UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDECT USA CORP., a Texas corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>PARK ASSIST, LLC, a Delaware limited liability company,<br><br>       Defendant.<br><br>PARK ASSIST, LLC, a Delaware limited liability company,<br><br>       Counterclaimant,<br><br>    v.<br><br>INDECT USA CORP., a Texas corporation,<br><br>       Counterdefendant. | Case No.: 3:18-cv-02409-BEN-DEB<br><br>**ORDER ON:**<br><br>**(1) PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF MR. JOEL WACEK;**<br>**(2) ASSOCIATED MOTIONS TO FILE UNDER SEAL**<br><br>**[ECF Nos. 143, 146, 158, 176]** |

  This case arises out of a lawsuit filed by Plaintiff Indect USA Corp. ("Indect") seeking a declaratory judgment that neither Indect nor the users of its products infringed on claims of U.S. Patent Number 9,594,956 owned by Defendant Park Assist, LLC ("Park Assist"). Second Amended Complaint ("SAC"), ECF No. 58, ¶ 6. The matter comes before the Court on Indect's *Daubert* Motion to Exclude Expert Testimony of Mr.

1

Joel Wacek (the "Motion") as well as the parties' accompanying motions to file matters under seal. ECF Nos. 143, 146, 158, 176. The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.

Based on the parties' briefs, evidence submitted, and applicable law, the Court **GRANTS** Indect's Motion limiting certain portions of Mr. Wacek's testimony. The Court also **GRANTS** the parties' motions to file documents associated with the subject Motion under seal.

I.  BACKGROUND

Indect and Park Assist intend to call expert witnesses to testify about damages. Indect's witness, Mr. Gary Durham, in his expert report, assumes Park Assist is responsible for damages in his report before calculating said damages. ECF No. 143, Ex. 2 at 1, fn. 1. To rebut this, Park Assist intends to call Mr. Joel Wacek. Mr. Wacek's report indicates he will dispute Mr. Durham's damage calculations, but in doing so, will challenge the causation assumption Mr. Durham stated in preparing his report. ECF No. 143-2, 16. Indect moves this Court to exclude any testimony from Mr. Wacek relating to causation, as his expertise is in damages.

II.  LEGAL STANDARDS

Federal Rule of Evidence 702 establishes several requirements for admissibility of expert opinion evidence: (1) the witness must be sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge must assist the trier of fact" either "to understand the evidence" or "to determine a fact in issue"; (3) the testimony must be "based on sufficient facts and data"; (4) the testimony must be "the product of reliable principles and methods"; and (5) the expert must reliably apply the principles and methods to the facts of the case. Fed. R. Evid. 702.

Under *Daubert* and its progeny, the trial court is tasked with assuring that expert testimony "both rests on a reliable foundation and is relevant to the task at hand."

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation and quotation marks omitted). Shaky but admissible evidence is to be attacked by cross-examination, contrary evidence, and careful instruction on the burden of proof, not exclusion. *Daubert*, 509 U.S. at 596. The judge is "to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). In its role as gatekeeper, the trial court "is not tasked with deciding whether the expert is right or wrong, just whether his [or her] testimony has substance such that it would be helpful to a jury."

The tests for admissibility in general, and reliability, are flexible. *Primiano*, 598 F.3d at 564. The Supreme Court has provided several factors to determine reliability: (1) whether a theory or technique is testable; (2) whether it has been published in peer reviewed literature; (3) the error rate of the theory or technique; and (4) whether it has been generally accepted in the relevant scientific community. *Mukjtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002) (summarizing *Daubert*, 509 U.S. at 592-94), *overruled on other grounds by Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 460 (9th Cir. 2014). These factors are meant to be "helpful, not definitive." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999). The court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the particular circumstances of the particular case." *Primiano*, 598 F.3d at 564 (citations and quotation marks omitted).

"[T]he test under *Daubert* is not the correctness of [experts'] conclusions but the soundness of [their] methodology." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). Once the threshold established by Rule 702 is met, the expert may testify, and the fact finder decides how much weight to give that testimony.

*Primiano*, 598 F.3d at 565.

After admissibility is established to the court's satisfaction, attacks aimed at the weight of the evidence are the province of the fact finder, not the judge. *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014). The court should not make credibility determinations that are reserved for the jury. *Id.*

## III.  DISCUSSION

### A. Testimony of Mr. Joel Wacek

Indect seeks to preclude Park Assist from presenting purported expert testimony from Mr. Wacek regarding potential damages resulting from Indect's alleged infringing activities. ECF No. 143. Indect does not seek to bar Mr. Wacek's testimony entirely; Indect merely seeks to preclude opinions or assessments regarding causation of damages, a topic about which Indect alleges Mr. Wacek is not qualified to testify. *Id.* at 6. Indect avers that allowing testimony on causation not only runs afoul of *Daubert* and Federal Rule of Evidence 702, but also of Federal Rule of Evidence 403, arguing such testimony would prejudice, confuse, and waste time. *Id.* at 8. This Court agrees and Mr. Wacek's testimony is limited to those areas in which he is qualified as an expert.

Mr. Durham's report states he is not determining causation, but merely assumes causation for the purposes of calculating damages in the present case. ECF No. 143, Ex. 2 at 2. In responding to Mr. Durham's calculations, Park Assist argues that Mr. Wacek always looks at the entirety of the claims in front of him, including elements of causation, in analyzing damages in a case. ECF No. 158, 7. This Court does not take any issue with Mr. Wacek's methodologies, but rather Park Assist's proposed use of his analysis. Mr. Wacek is an expert in the field of damages and this Court's ruling in no way prevents him from presenting his ultimate conclusions on damages or his critiques of Mr. Durham's calculations to the jury. This Court will not, however, allow Mr. Wacek to opine on matters under the expert label about matters of which he is not an expert. As the Ninth Circuit stated:

"A person qualified to give an opinion on one subject is not necessarily

qualified to opine on others. Expert testimony, like any other testimony, must meet basic standards of relevance and pass muster under Rule 403. It is particularly appropriate for the trial judge carefully to weigh the potential for confusion in the balance when expert testimony is proffered. Jurors may well assume that an expert, unlike an ordinary mortal, will offer an authoritative view on the issues addressed; if what an expert has to say is instead tangential to the real issues, the jury may follow the "expert" down the garden path and thus focus unduly on the expert's issues to the detriment of issues that are in fact controlling."

*Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426, 1431 (9th Cir. 1991). Park Assist is free to present its case on infringement and any cause of financial loss to Indect through other witnesses and evidence.

Park Assist states Mr. Wacek's testimony will offer "obvious alternative explanations" for Indect's alleged lost profits. The cases Park Assist cites in support of this claim are unfitting. They involve "obvious alternative explanations" to the calculation of damages, not causation. Again, while this Court acknowledges Mr. Wacek's methodologies, allowing him to attack conclusions regarding causation under the guise of being an expert is likely to confuse the jury or wrongly bolster his opinion on the matter. The cases cited by Park Assist fail to rebut this proposition.

Park Assist asserts Mr. Wacek is qualified to provide factual context regarding the assumption of causation in the Durham report. The Court rejects this for two reasons. First, it is well established that experts on damages can assume causation.[1] That Mr.

---

[1] *See, e.g.*, *Orthofix, Inc. v. Gordon*, Case No. 1:13-cv-1463, 2016 WL 1273160, at *3 (C.D. Ill. Mar. 31, 2016) ("It is entirely appropriate for a damages expert to assume liability for the purpose of his or her opinion. To hold otherwise would be illogical.") (quoting *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 886 F. Supp. 2d 873, 882 (N.D. Ill. 2012)); *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. für Chemische Industrie*, No. 11-cv-681, 2015 WL 5459662, at *10 (S.D.N.Y. Sept. 16, 2015) ("[A]

Wacek may disagree with causation is irrelevant.  Second, even if it was appropriate to challenge causation, Mr. Wacek does not appear to possess the requisite qualifications to do so.  By his own admission, Mr. Wacek's expertise is in "financial economic valuation in licensing issues associated with intellectual properties in the evaluation of damages." ECF No. 161-2, 3.  Mr. Wacek further elaborates in his deposition that he has no parking industry specific expertise, knowledge of the bidding process for parking garage systems, and that his knowledge of customer preferences when selecting a parking guidance system is based on the documents reviewed specifically for this case. *Id.*

Regarding proper use of testimony, this Court finds the court's assessment of appropriate use of damages experts in *Robroy Industries-Texas, LLC v. Thomas & Betts Corporation* persuasive.

> "[T]wo experts may assume facts that are in dispute – as long as they make it clear they are assuming those facts – and then present competing models for damages.  Moreover, they may propose economic models for measuring damages, and they each may criticize the model proposed by the other.  What they may not do is to offer substantive evidence as to factual issues such as causation . . . subjects on which they have no demonstrated expertise."

2017 WL 1319553 (E. D. Texas, April 10, 2017).  Park Assist is free to solicit testimony from Mr. Wacek that challenges Indect's calculation of damages.  Park Assist cannot, however, use Mr. Wacek as a vehicle to challenge causation.  This Court is not rejecting Mr. Wacek's status as an expert at this time, but limits his testimony to fields of which he is an expert.

---

damages expert does not need to perform her own causation analysis to offer useful expert testimony."); *Gaedeke Holdings VII, Ltd. v. Baker*, Case No. CIV-11-649, 2015 WL 11570978, at *3 (W.D. Okla. Nov. 30, 2015) ("Proof of causation often comes from fact witnesses, and it is appropriate for expert witnesses to assume causation will be established and then proceed to calculate the damages.").

### B. Motions to Seal

Concurrent with the Parties' briefing on the Wacek Motion, the Parties moved to file under seal portions of their briefs, declarations, and supporting exhibits. The portions of the briefs, declarations, and exhibits sought to be sealed contain, reference, or discuss commercially sensitive and proprietary business data. These documents have been previously designated "Confidential," "Confidential – For Counsel Only," or "Confidential – For Counsel Only – Prosecution Bar" pursuant to the Protective Order issued in this case. *See* ECF No. 43. Specifically, these exhibits contain business information including trade secrets, confidential research, and other financial or commercial information.

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." The Court can seal proprietary information to protect a business from potential harm. *See Obesity Research Institute, LLC v. Fiber Research International, LLC*, No. 15-CV-00595-BAS-MDD, 2017 WL 6270268, at *2 (S.D. Cal. Dec. 8, 2017) (granting motion to file documents containing proprietary business information under seal).

Accordingly, the motions to seal are **GRANTED**. Redacted versions of the aforementioned documents have been filed on the public docket. The Clerk is directed to file unredacted versions of the documents and exhibits lodged at Docket Numbers 144, 161, and 178 under seal.

### IV.  CONCLUSION

Indect's Motion to Exclude Expert Testimony of Mr. Joel Wacek regarding any causal connection between alleged misconduct by Park Assist and damages suffered by

Indect is **GRANTED**.  The Parties' motions to files their pleadings related to the subject Daubert motion are **GRANTED**.

      **IT IS SO ORDERED.**

      Dated: September 22, 2021

                                              **HON. ROGER T. BENITEZ**
                                              United States District Judge