UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDECT USA CORP., a Texas corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>PARK ASSIST, LLC, a Delaware limited liability company,<br><br>              Defendant. | Case No.:  3:18-cv-02409-BEN-DEB<br><br>**ORDER ON:**<br>**(1) MOTIONS IN LIMINE;**<br>**(2) MOTIONS TO SEAL**<br><br>**[ECF Nos. 226, 228, 229, 233, 234, and 240]** |
| PARK ASSIST, LLC, a Delaware limited liability company,<br><br>              Counterclaimant,<br><br>     v.<br><br>INDECT USA CORP., a Texas corporation,<br><br>              Counterdefendant. | |

For purposes of this decision, the Court assumes familiarity with the procedural history and many disputed facts of the suit.  Only a brief summary follows.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a lawsuit filed by Plaintiff Indect USA Corp. ("Indect")

seeking a declaratory judgment that neither Indect nor the users of its products infringed on claims of U.S. Patent Number 9,594,956 ("the '956 Patent") owned by Defendant Park Assist, LLC ("Park Assist"). Second Amended Complaint ("SAC"), ECF No. 58, ¶ 6. Indect and Park Assist are direct competitors that develop and sell technologies for camera-based parking guidance systems. Park Assist's Mot., ECF No. 142, 10; Indect's Mot., ECF No. 147, 12. These systems manage the occupancy of parking spaces within a parking lot or parking garage by detecting a parking space's occupancy status with cameras and sensors. Indect Mot., ECF No. 147, 12.

The parties filed motions for summary judgment which the Court granted in part and denied in part. *See* Order, ECF No. 195. The Court: (1) denied both parties' Motions for Partial Summary Judgment as to Indect's First Claim for Relief; (2) denied both parties' Motions for Partial Summary Judgment on Indect's Second Claim for Relief; (3) granted Indect's Motion for Summary Judgment as to its Third Claim for Relief (and also denied Park Assist's Motion to Dismiss that claim); (4) denied Park Assist's Motion for Summary Judgment on Indect's Fourth Claim for Relief; (5) granted Indect's Motion for Summary Judgment on Park Assist's First Counterclaim; (6) denied Indect's Motion for Summary Judgment on Park Assist's Second Counterclaim; (7) granted Indect's Motion for Summary Judgment on Park Assist's Third Counterclaim; and (8) granted Indect's Requests for Judicial Notice.

In preparation for trial, the Parties filed 18 Motions in Limine. Indect's MIL, ECF No. 229; Park Assist's MIL, ECF No. 228. The Court considers each motion in turn. To the extent that an argument is not acknowledged in this Order, it is rejected.[1]

---

[1] Moreover, the Court does not consider any of the Reply briefs filed by either party. The Court allowed each party to file oppositions to the motions in limine, but did not afford either party a reply. *See* ECF No. 219.

## II. LEGAL STANDARD

Rulings on motions in limine fall entirely within this Court's discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)). Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose. *Mathis v. Milgard Manufacturing, Inc.*, Case No. 16-cv-2914-BEN-JLB, 2019 WL 482490, at *1 (S.D. Cal. 2019). If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court lacks access to all the facts from trial testimony). Denial of a motion in limine does not mean that the evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means that the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) (rulings on motions in limine are subject to change when trial unfolds).

## III. INDECT'S MOTIONS IN LIMINE NOS. 1-12 [ECF No. 229]

### A. Indect Motion No. 1 – Preclude Mention or Discussion of James "Jimmy" Maglothin and the Unsubstantiated Accusations of Kickback Payments

Indect first requests the Court "preclude Park Assist from introducing any argument, opinions, references, conclusions, testimony, and/or other evidence regarding James "Jimmy" Maglothin and the allegations that [he] bribed, provided kickbacks, or otherwise improperly influenced potential customers to purchase products provided by Indect." MIL, ECF No. 229, 4. In support, Indect argues that such information is of little or no probative value because Maglothin was not employed by Indect and there is no actual evidence he did any of the actions alleged to influence a potential customer. *Id.* at 5. Park Assist responds that it did not have the opportunity to depose Mr. Maglothin and that illegal kickbacks are relevant to the witness's credibility.

Under Federal Rule of Evidence 401, evidence is relevant if: (a) it has any

tendency to make a fact more or less probable than it would be without the evidence. Federal Rule of Evidence 402 states "[i]rrelevant evidence is inadmissible." Under Federal Rule of Evidence 403, evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues.

To the extent that Mr. Maglothin may have engaged in the actions described above, the Court finds it minimally relevant and substantially outweighed by the likelihood of confusing the issues and misleading the jury. Accordingly, Indect's motion is **GRANTED**.

### B. Indect Motion No. 2 – Preclude Discussion of Dale Fowler's Departure from Indect

Indect seeks to preclude Park Assist from arguing or referencing Dale Fowler's departure from Indect, his reasons for leaving, any exchange of money or other property as a result of Fowler's departure, or Fowler's current employment or other circumstances based on Federal Rules of Evidence 401, 402, and 403. Park Assist argues that Mr. Fowler was in charge of Indect when the unfair competition claims against Park Assist were raised, that his name appears in countless documents, and that he was relieved from his position at Indect due to erratic behavior in regards to the present case. Opp'n, ECF No. 235, 6-7.

Based on Park Assist's proffer in their opposition, this Court does not find the reasons for Mr. Fowler's departure relevant to this case and any discussion of them is likely to confuse the issues and mislead the jury. Accordingly, the motion is **GRANTED**. Park Assist may not reference the reasons Mr. Fowler left Indect or any other matters regarding the termination of their employment arrangement or his current position.

### C. Indect Motion No. 3 – Preclude Discussion of Dale Fowler's Absence from Trial

Indect seeks to preclude any mention of Dale Fowler's absence from trial or Park Assist not being able to depose Mr. Fowler. Park Assist argues that Indect is responsible

for Park Assist not being able to depose Mr. Fowler and that the only reason he is not at trial is "because Indect hid him from discovery with misdirection, and false promises it never intended to honor." Opp'n, ECF No. 235, 9.

The Court views this as a discovery dispute and not appropriate for addressing at this stage of litigation. The Court's analysis here is limited solely to Federal Rules of Evidence 401, 402, and 403. With that guidance in mind, the Court finds Park Assist's proffer fails to demonstrate relevance and that injecting this matter into the proceedings will only confuse the issues and mislead the jury. Accordingly, Indect's motion is **GRANTED**.

      D.      **<u>Indect's Motion No. 4 – Preclude Introduction of or Testimony Regarding Statements Made by Indect's Customers Regarding the Functionality of the UPSOLUT System</u>**

Indect moves to preclude based on the fact the only infringement issue that remains is whether Indect directly infringes the '956 patent. It argues, "testimony regarding the specific use of the UPSOLUT System by Indect's customers is irrelevant to the remaining issues being tried and so should be precluded under Federal Rules of Evidence 401 and 402." MIL, ECF No. 229, 7. Park Assist counters that functionality of the system is the central issue of the case and that testimony of Indect customers is important to show the capability of infringing the '956 patent. Opp'n, ECF No. 235, 10.

The Court finds that capability of infringement is not sufficient by itself to establish infringement. *See* Section III(G), infra. However, the Court finds that questions regarding what software features Indect customers had access to, and the capabilities of those features, are relevant.

Indect's Motion in Limine makes conclusory statements regarding the application of Federal Rules of Evidence 401, 402, and 403 to this issue. To the extent, if any, that the jurors mistakenly attribute the statements of non-Indect personnel to Indect, that can be cured by cross-examination. Accordingly, Indect's motion is **DENIED**.

E.  **Indect Motion No. 5 – Preclude Discussion of the Source Code Underlying Indect's Software and Software Other Than IVIS**

Indect seeks preclusion on the basis that "Claim 1 of the '956 Patent requires 'managing a plurality of parking spaces, which, as admitted by Park Assist, can only apply to Indect's customers – the people managing the parking facilities. Indect's customers only have access to the IVIS software program. Therefore, discussions about any other software by Indect . . . are not relevant to the case and carry the risk of confusing the issues before the jury." MIL, ECF No. 229, 8. Park Assist argues that evidence shows customers have access to other components either directly or indirectly though Indect or its resellers and that Indect's failure to produce source code is relevant to the proceedings.

The Court partially agrees with each party. To the extent that there is dispute over whether Indect failed to turn over source code as part of discovery, the Court finds this to be a discovery issue the time for which to litigate has passed. A tardy motion to compel discovery is not the province of the jury. However, to the extent that Park Assist can lay a foundation and establish relevance, the Court will allow Park Assist to discuss source code matters as they relate to the parties' claims.

Indect's motion is **GRANTED-IN-PART** to the extent that Park Assist cannot discuss Indect's alleged failure to provide source code during discovery. Indect's motion is **DENIED-IN-PART** regarding Park Assist's ability to explore portions of Indect's software as it relates to the '956 patent.

F.  **Indect Motion No. 6 – Preclude Argument that Step (h) of Claim 1 of the '956 Patent is Optional**

The Court takes this opportunity to once again clarify its position on Step (h) of Claim 1 of the '956 Patent. The Court finds Step (h) to be conditional, not optional. Step (h) describes a method for correcting a parking space's occupied status once it becomes vacant:

> correcting said occupied status, by inputting computer-readable

> instructions to a computer terminal of said GUI, *if said parking space shown in said thumbnail image is vacant* and said computer terminal electronically communicating a command to toggle said multicolor indicator to illuminate a second color, said second color predefined to indicate a vacant status.

'956 Patent, Col. 22:56-62 (emphasis added).  Reviewing the entirety of Claim 1 indicates that if the space is occupied, Step (h) is skipped and Steps (i) and (j) are done. If the space is vacant, however, Step (h) *must* be performed.  Park Assist is correct that Step (h) need not be done for there to be infringement, but that only applies *if* review of the image shows an occupied space.  Park Assist, though, takes the Court's language on page 15 of its summary judgment order and attempts to paint this Court's decision as making Step (h) optional; this is error.

Accordingly, Indect's motion is **GRANTED**.  The parties will treat Step (h) as conditional and any arguments to the jury will be consistent with this Court's construction of Claim 1.

### G. Indect Motion No. 7 – Preclude Argument that Capability of the UPSOLUT System to Perform the Steps of Claim 1 of the '956 Patent is Sufficient to Prove Infringement

Indect seeks preclusion on the grounds that infringement requires a showing that a party actually performed each and every step of a claimed method.  MIL, ECF No. 229, 11.  Park Assist argues that it has no intent to introduce evidence regarding capability to infringe to prove direct infringement, but rather argues that capability has a "direct bearing on each side's declaratory judgment claims, and on Indect's unfair competition claim."  Opp'n, ECF No. 235, 14.

This Court agrees with Indect.  Capability of infringement is not sufficient to prove infringement.  A patentee must show that each step of the method has been "performed for infringement to occur.  It is not enough that a claimed step be 'capable' of being performed." *Cybersettle, Inc. v. Nat'l Arbitration Forum, Inc.*, 243 F. App'x 603, 606 (Fed. Cir. 2007); *see ACCO Brands, Inc. v. ABA Locks Mfr. Co.,* 501 F.3d 1307, 1313

(Fed. Cir. 2007) (rejecting a "reasonably capable" standard for direct infringement). The Court is similarly unpersuaded by Park Assist's argument that capability of infringement is relevant to the unfair competition claim. The plain language of Indect's third claim for relief states, "[P]ark Assist has claimed and continues to claim falsely and in bad faith that INDECT's products infringe the '956 Patent and has communicated and continues to communicate such malicious claims at industry events, trade shows, and elsewhere . . . ." FAC, ECF No. 7, 28-29.

Indect's unfair competition claim for relief relies on related litigation, the "Airport Case" (Park Assist LLC v. San Diego County Regional Airport Authority, et al., 3:18-cv-02068-BEN-DEB). Nothing on the face of Park Assist's complaint in the Airport Case suggests an argument regarding capability of infringement. Park Assist claimed, "[o]n information and belief, either individually, and/or jointly, SDCRAA and Ace Parking, through agreements, contracts, agency, and/or joint enterprise, practiced each and every element of at least claim 1 of the '956 Patent. Accordingly, SDCRAA and Ace Parking directly infringe the '956 Patent under 35U.S.C. § 271(a)." *Park Assist LLC v. San Diego County Regional Airport Authority, et al.*, 3:18-cv-02068-BEN-DEB, ECF No. 1, 4. This is a claim of direct infringement. This Court will not allow Park Assist to now assert they were merely warning the airport that Indect's product may be capable of infringement.

Accordingly, the motion is **GRANTED**.

### H. Indect Motion No. 8 – Preclude Argument that Method Steps Performed in Isolation of Each Other Infringes the '956 Patent

The Court **DENIES** this motion for vagueness. Based on Indect's pleading, the Court cannot identify what Indect is seeking to preclude with any specificity. Indect is not precluded from making specific objections at trial regarding this motion.

### I. Indect Motion No. 9 – Preclude Discussion of ACE's Rule 11 Motion Against Park Assist During the Airport Lawsuit

Park Assist previously sued San Diego County Regional Airport Authority and ACE Parking management regarding the same disputed parking technology. In that case,

1  ACE brought a Rule 11 motion seeking sanctions against Park Assist, which this Court
2  denied.  Now, Indect moves to preclude any mention of the Rule 11 motion as irrelevant
3  and ultimately misleading to the jury.  MIL, ECF No. 229, 13.  Park Assist points out the
4  complications that come with addressing the previous lawsuit and urges this Court to
5  grant Park Assist's Motion in Limine #1 (discussed infra).  Park Assist argues that if their
6  motion is not granted, then the Rule 11 findings should come in as Indect cannot cherry
7  pick the portions of the other proceeding to come in and that the matter is factually
8  relevant.  Opp'n, ECF No. 235, 16-17.

Independent of Park Assist's motion, the Court does not find the Rule 11 matter to have any relevance to the current case.  The standards for Rule 11 sanctions are different than those in this case and nothing in the Court's Rule 11 ruling makes any fact more or less probable.  Even assuming some relevance, the balancing of equities of Rule 403 weigh heavily in favor of exclusion.  The matter is likely to confuse the jury and waste time.  Accordingly, Indect's motion is **GRANTED**.

### J. Indect Motion No. 10 – Preclude Introduction of Yeboah's Deposition Testimony

Indect seeks to preclude introduction of Mr. Yeboah's deposition testimony due to technical issues that occurred during the deposition which resulted in him appearing visibly confused during the testimony describing the UPSOLUT system.  Indect offers its General Manager, Mr. Evans, who will be present and can testify to the same matters as Mr. Yeboah.  Indect's Motion is **DENIED**.  Indect provides no support for this motion and to the extent there is any confusion regarding the deposition, it can be addressed on argument or through examination.

### K. Indect Motion No. 11 – Preclude Testimony By Experts That Is Contrary To That Contained In Their Deposition Testimony And Written Reports

Indect's Motion is **DENIED** for vagueness.  The Court already ruled on *Daubert* motions regarding inconsistent expert testimony and to the extent an expert testifies

contrary to their deposition, the matter can be addressed on cross examination.

### L. Indect Motion No. 12 – Preclude Argument of Joint or Induced Infringement of the '956 Patent

Indect seeks to preclude argument regarding joint or induced infringement based on this Court's summary judgment order: "Park Assist provide[d] no evidence Indect has or 'will induce infringement of the '956 Patent . . . by continuing to supply future customers with its UPSOLUT system that could be configured to perform the steps that infringe the '956 Patent when the systems are in operation.'" MIL, ECF No. 229, 18. Regarding Indect's requested declaratory judgment, Park Assist argues: "[t]he only way Indect could obtain such a broad declaration of future rights is by eliminating any possibility of Indect liability, including inducement and joint infringement." Opp'n, ECF No. 235, 18.

This Court agrees with Indect. Contrary to Park Assist's argument, even if Indect "injected [inducement and joint infringement] issues into the case (*id.*), the Court has already addressed those matters on summary judgment. There remains an issue of material fact, though, as to whether Indect itself infringed on the '956 patent, which is why the Court denied summary judgment on Indect's Claim #1 / Park Assist's Counterclaim #2. The Court will not allow the parties to confuse the jury and waste time relitigating a matter already decided on summary judgment. Accordingly, Indect's motion is **GRANTED**.

## IV. PARK ASSIST'S MOTIONS IN LIMINE NOS. 1-6 [ECF No. 228]

### A. Park Assist Motion No. 1 – Motion in Limine to Exclude Evidence Related to San Diego Airport Infringement and Patent Notice Letters

Park Assist seeks exclusion of evidence related to the San Diego Airport infringement suit and patent notice letters, citing that they are outside the scope of the Lanham Act and the matters are likely to confuse the issues and mislead the jury. MIL, ECF No. 228, 8. Indect asserts these issues have already been addressed by the Court's order on the parties' summary judgment motions and that this Court has found them

relevant to triable issues of fact still before the jury.

As written, Park Assist's motion is too broad in that it seeks categorical exclusion of evidence related to the airport lawsuit and patent notice letters sent, items this Court found relevant to Indect's claims. Accordingly, the motion is **DENIED**. Park Assist may still object at trial if they believe Indect is seeking to use this evidence for any improper purpose.

### B. Park Assist Motion No. 2 – Motion in Limine to Exclude Evidence Related to Unfair Competition Not in Initial Disclosures or Interrogatory Response 12

Park Assist seeks to exclude witnesses, exhibits, and what it labels as "other categories" from the trial as a result of Indect allegedly failing to discover or otherwise disclose the information. Indect counters these are matters previously raised and rejected on summary judgment and that the sought exclusions are for witnesses and evidence Park Assist knew about and chose not to investigate. The Court will address each of the three categories separately.

1) Witnesses

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to provide the "name . . . of each individual likely to have discoverable information – along with the subjects of that information . . ." in its initial disclosures. Rule 37(c) states a party is not allowed to use the witness if a party failed to disclose under Rule 26(a) unless the failure was substantially justified or is harmless. "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

Indect does not dispute that the eight witnesses in question were not on their Rule 26(a) disclosures. Rather, they argue that many of the witnesses were included in the Airport case disclosures (the parties agreed the discovery in that case would be admissible in both cases (*see* ECF No. 47, 3)), a few of the witnesses were learned of through Park Assist, and one of the witnesses was deposed by Park Assist. Opp'n, ECF

No. 236, 11.

Regarding potential witness Derek Frantz, Park Assist deposed him. Opp'n, ECF No. 236, Ex. A-1. The Court finds any failure to disclose Mr. Frantz harmless. Regarding witnesses disclosed as part of the Airport Case (3:18-cv-2068-BEN-DEB), the Court finds their exclusion from the disclosures in this case substantially justified. The language of this Joint Discovery Plan in the Airport case states, "The Parties in this case, and the related Indect Case, agree that there is some overlap between the cases and that aspects of the cases can be combined for party and judicial efficiency – namely, the Parties agree that: (1) discovery related to the '956 Patent inventors and the Airport Parking System, can all be obtained once and used in either or both cases." *Park Assist v. San Diego County Regional Airport Authority and ACE Parking Management, Inc.*, 3:18-cv-2068-BEN-DEB, ECF No. 76, 4. If a witness appears in Rule 26(a) disclosures in the Airport case, their exclusion from disclosures in this case is substantially justified.

Finally, two of the witnesses, Mr. Maglothin and Mr. Glenn, became known to Indect because of Park Assist. Based on the parties' proffers, this Court finds any absence from Rule 26(a) disclosures was either substantially justified or harmless. Accordingly, Park Assist's motion is **DENIED**. Park Assist has been aware of these witnesses for a substantial amount of time and this Court will not exclude them on the eve of trial.

    2) <u>Exhibits</u>

Park Assist seeks exclusion of approximately 70 trial exhibits it claims were never included in Indect's interrogatory responses. MIL, ECF No. 228, 14-15. Indect responds that many of the documents Park Assist now seeks to exclude were produced by Park Assist only two weeks before answering Park Assist's interrogatories. Also, Indect argues Park Assist improperly cloaked virtually all the production in attorneys'-eyes-only designations, which prevented Indect from reviewing the evidence. Opp'n, ECF No. 236, 12.

This Court finds any omission harmless. Indect's third amended response to

Interrogatory No. 12 was on April 14, 2021. *Id.* at 13. Park Assist deposed many of the witnesses before receiving the interrogatory response. Accordingly, even if the exhibits were included in the response, there would not be harm from failing to disclose them as Park Assist's depositions of those relevant witnesses would have been complete. Moreover, many of these exhibits were included in Indect's summary judgment motion. If Park Assist did not feel it could address these previously undisclosed exhibits properly, it could have asked this Court to defer consideration on the motion and pursue further discovery in accordance with Rule 56(d) of the Federal Rules of Civil Procedure; it did not. Park Assist, aware of these new exhibits since June 2021 at the latest, could have pursued discovery even after filing its summary judgment papers; it did not. Now, a few weeks before trial, it asks this Court to intervene. The Court finds any failure to disclose the disputed exhibits on the third amended response to Interrogatory No. 12 ultimately harmless or substantially justified by Park Assist's late discovery production. Accordingly, the motion is **DENIED**.

### 3) "Other Categories"

Park Assist seeks exclusion of evidence of its counterclaims in this case being used as evidence of unfair competition and evidence of loss of goodwill and reputational harm as a measure of Indect's harm. MIL, ECF No. 228, 23. This Court will not exclude either. Indect's Second Amended Complaint repeatedly references harm suffered in the form of market share loss as a result of bad faith claims of infringement. *See* SAC, ECF No. 58. There can be no failure to disclose when a party is put on notice from the outset of litigation. Regarding the preclusion of Park Assist's counterclaim being used as evidence of bad faith, Park Assist fails to demonstrate a basis for categorical exclusion of evidence to a disputed part of this case (bad faith) this Court has found to be relevant for the jury consideration. Accordingly, Park Assist's motion to exclude "other categories" of evidence is **DENIED**. Park Assist may object at trial on specific grounds as Indect makes arguments or presents evidence related to these so-called "other categories."

C. **Park Assist Motion No. 3 – Motion in Limine to Exclude Any Arguments of Bad Faith**

Park Assist's motion is **DENIED**. Park Assist's motion is based on an incorrect interpretation of this Court's view of Section (h) of Claim 1 of the '956 patent. *See* Section III(F), supra. Moreover, the Court ruled in its summary judgment order that there is sufficient evidence of bad faith for the jury to consider. Order, ECF No. 194, 25-26.

D. **Park Assist Motion No. 4 – Motion in Limine to Preclude New Claim Constructions and Non-Infringement Contentions by Indect**

Park Assist seeks to preclude Indect from arguing new claim constructions, mainly in the proposed jury instructions submitted by each party. MIL, ECF No. 228, 24-25. Indect responds that it is not seeking to relitigate claim constructions, but rather seeking clarification from this Court on disputed terms that will go before the jury following the presentation of evidence. Opp'n, ECF No. 236, 17-18. Because this Court does not find Indect is seeking new claim construction of disputed terms, the motion is **DENIED**. The Court will make decisions on jury instructions based on its claim construction order and the previous rulings in this case.

E. **Park Assist Motion No. 5 – Motion in Limine to Exclude Prior Art and Obviousness Combinations**

Park Assist seeks exclusion of prior art and obviousness combinations because Indect failed to disclose them in its Final Invalidity Contentions. MIL, ECF No. 228, 26. Indect responds that some of the contested art was in fact disclosed and, to the extent that it was not, Park Assist suffered no prejudice. Opp'n, ECF No. 326, 19.

The Court agrees with Indect. Park Assist cannot demonstrate any prejudice from the inclusion of the art in the Turk Report. First, Park Assist failed to access Indect's Final Invalidity Report until after it had received the Turk Report. Opp'n, ECF No. 236, Ex. A-2. Moreover, Park Assist was able to fully depose Turk and submit its own rebuttal. While exclusion of evidence is an appropriate sanction in certain circumstances, the lack of prejudice and the preference for deciding a case on the merits does not warrant

such an extreme remedy in this situation.  *See generally*, *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (providing that "a case should, whenever possible, be decided on the merits").  Finally, this Court previously denied a Park Assist motion to exclude the contents of the Turk report and will not revisit that decision now.  ECF No. 213.  Accordingly, Park Assist's motion is **DENIED**.

  **F.** **Park Assist Motion No. 6 – Motion in Limine to Exclude Expert Opinion Not Included in Opening Expert Report**

  Park Assist's motion to exclude expert testimony is **DENIED** as untimely.  Park Assist's motion here seeks to strike the expert testimony and report of Dr. Havlicek, which this Court finds to be a *Daubert* motion.  In accordance with the case management order, the deadline to file *Daubert* motions was June 21, 2021.  ECF No. 119.  Park Assist was obviously aware of this deadline, as it filed a timely motion to exclude Dr. Turk's expert report.  ECF No. 138.  As the Court finds there is no good cause to file this motion six months after the deadline, it is denied.

**V.** **MOTIONS TO SEAL [ECF Nos. 226, 233, 234, 240]**

  Concurrent with the briefing on the Motions in Limine, the Parties moved to file documents under seal.  The portions of motions sought to be sealed contain, reference, or discuss commercially sensitive and proprietary business data.  These documents have been previously designated "Confidential" or "Confidential – Attorneys' Eyes Only," pursuant to the Protective Order issued in this case.  See ECF No. 43.

  "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  The Court can seal proprietary information to protect a business from potential harm.  *See Obesity Research Institute, LLC v. Fiber*

*Research International, LLC*, No. 15-CV-00595-BAS-MDD, 2017 WL 6270268, at *2 (S.D. Cal. Dec. 8, 2017) (granting motion to file documents containing proprietary business information under seal).

Accordingly, the motions to seal are **GRANTED**. Redacted versions of the aforementioned documents have been filed on the public docket. The Clerk is directed to file unredacted versions of the documents and exhibits lodged at Docket Numbers 226, 233, 234, and 240 under seal.

## VI.   CONCLUSION

In summary, the Court rules as follows:

1. The Court **GRANTS** Plaintiff's Motion in Limine # 1 – Preclude Mention or Discussion of James "Jimmy" Maglothin and the Unsubstantiated Accusations of Kickback Payments.

2. The Court **GRANTS** Plaintiff's Motion in Limine # 2 – Preclude Discussion of Dale Fowler's Departure from Indect.

3. The Court **GRANTS** Plaintiff's Motion in Limine # 3 – Preclude Discussion of Dale Fowler's Absence from the Trial.

4. The Court **DENIES** Plaintiff's Motion in Limine # 4 – Preclude Introduction of or Testimony Regarding Statements Made by Indect's Customers Regarding the Functionality of the UPSOLUT System.

5. The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion in Limine # 5 – Preclude Discussion of the Source Code Underlying Indect's Software and Software Other than IVIS."

6. The Court **GRANTS** Plaintiff's Motion in Limine # 6 – Preclude Argument that Step (h) of Claim 1 of the '956 Patent is Optional.

7. The Court **GRANTS** Plaintiff's Motion in Limine # 7 – Preclude Argument that Capability of the UPSOLUT System to Perform the Steps of Claim 1 of the '956 Patent is Sufficient to Prove Infringement.

8. The Court **DENIES** Plaintiff's Motion in Limine # 8 – Preclude Argument That Method Steps Performed in Isolation of Each Other Infringes the '956 Patent.

9. The Court **GRANTS** Plaintiff's Motion in Limine # 9 – Preclude Discussion of ACE's Rule 11 Motion Against Park Assist During the Airport Lawsuit.

10. The Court **DENIES** Plaintiff's Motion in Limine # 10 – Preclude Introduction of Yeboah's Deposition Testimony.

11. The Court **DENIES** Plaintiff's Motion in Limine # 11 – Preclude Testimony by Experts that is Contrary to that Contained in Their Deposition Testimony and Written Reports.

12. The Court **GRANTS** Plaintiff's Motion in Limine # 12 – Preclude Arguments of Joint or Induced Infringement of the '956 Patent.

13. The Court **DENIES** Defendant's Motion in Limine # 1 – Exclude Evidence Related to San Diego Airport Infringement and Patent Notice Letters from Counsel.

14. The Court **DENIES** Defendant's Motion in Limine # 2 – Exclude Evidence Related to Unfair Competition Not In Initial Disclosures or Interrogatory Response 12.

15. The Court **DENIES** Defendant's Motion in Limine # 3 – Preclude any Arguments of Bad Faith.

16. The Court **DENIES** Defendant's Motion in Limine # 4 – Preclude New Claim Constructions and Non-infringement Contentions by Indect.

17. The Court **DENIES** Defendant's Motion in Limine # 5 – Exclude Prior Art and Obviousness Combinations.

18. The Court **DENIES** Defendant's Motion in Limine # 6 – Exclude Expert Opinion Not Included in Opening Expert Report.

19. The Court **GRANTS** the Parties' motions to seal. ECF Nos. 226, 233, 234, and 240.

In addition, the Parties are ordered to submit an updated Pretrial Order meeting the requirements of Local Rule 16.1(f)(6) by February 11, 2022.

**IT IS SO ORDERED.**

DATED: January 27, 2022

_____
**Hon. Roger T. Benitez**
United States District Court