UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDECT USA CORP., a Texas corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PARK ASSIST, LLC, a Delaware limited liability company,<br><br>    Defendant.<br><br>PARK ASSIST, LLC, a Delaware limited liability company,<br><br>    Counterclaimant,<br><br>    v.<br><br>INDECT USA CORP., a Texas corporation,<br><br>    Counterdefendant. | Case No.: 3:18-cv-02409-BEN-DEB<br><br>**ORDER ON DEFENDANT'S MOTION TO RECONSIDER MOTIONS IN LIMINE**<br><br>**[ECF No. 263]** |

  Defendant Park Assist, LLC ("Park Assist") moves this Court to reconsider, or clarify, its rulings on the Plaintiff Indect USA Corp.'s (Indect) seventh and twelfth motions in limine. For the reasons discussed herein, the Court declines to reconsider its

prior rulings, but does take this opportunity to clarify matters related to the parties' dispute.

## I. LEGAL STANDARD

Local Civil Rule 7.1(i)(1) provides that an application for reconsideration must set forth the material facts and circumstances surrounding each prior application, including, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

## II. MOTION FOR RECONSIDERATION

Here, Park Assist argues that this Court should reconsider because the "Notice Letters" were not presented by Indect to this Court. The Court disagrees. First, the letters were apparently in Park Assist's possession at the time of briefing. Had Park Assist failed to present the letters, this Court would view that as a strategic omission. Seeking reconsideration after the fact would delay proceedings and unfairly burden scarce judicial resources.

Park Assist's allegations, however, that the letters were not part of the record to be considered by this Court is not entirely accurate. Park Assist included the letters in its motions in limine submission. ECF No. 228, Exs. 3-8. The Court was aware of the content of the letters Park Assist sent to other airports when it made its decision. Accordingly, Park Assist fails to demonstrate facts or circumstances that would warrant reconsideration of this Court's prior ruling.

The Court further declines to reconsider Indect's twelfth motion in limine. Joint, or divided, infringement occurs where the acts of one are attributable to the other such that a single entity is responsible for the infringement. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). In *Akamai*, the Federal Circuit created a framework for addressing divided infringement. "We will hold an entity responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise. *Id.* On summary judgment, this Court previously stated in the context

of induced infringement, "Park Assist provides no evidence Indect has or 'will induce infringement of the '956 Patent under 35 U.S.C. § 271(b) by continuing to supply future customers with its UPSOLUT system that could be configured to perform the steps that infringe the '956 Patent when the systems are in operation.'" ECF No. 195 at 22. Similarly, there is no evidence Indect controlled the performance of their potential partners or formed a joint enterprise. Park Assist's letters do nothing to prove otherwise. This Court will not allow the parties to confuse the jury and waste their time.

Park Assist's Motion for Reconsideration is DENIED.

### III.  CLARIFICATION OF INDECT'S MOTIONS IN LIMINE

Based on the parties' pleadings, the Court finds it necessary to clarify the scope of its ruling on Indect's seventh motion in limine. ECF No. 248 at 7-8. In its order, this Court stated, "[t]he Court is [] unpersuaded by Park Assist's argument that capability of infringement is relevant to the unfair competition claim. The plain language of Indect's third claim for relief states, "[P]ark Assist has claimed and continues to claim falsely and in bad faith that INDECT's products infringe the '956 Patent and has communicated and continues to communicate such malicious claims at industry events, trade shows, and elsewhere . . . ." FAC, ECF No. 7, 28-29. This Court interprets Indect's Unfair Competition claim to be based on assertions made by Park Assist that Indect is directly infringing the '956 patent. Thus, this Court found that capability of infringement was not relevant to the Unfair Competition claim.

How Indect chooses to present its case on this issue, though, may make capability relevant. Should Indect introduce the "Notice Letters" as evidence in support of its Unfair Competition claim, the Court will allow Park Assist to explain the context of the letters and the rationale for sending them to potential Indect customers. The Court will not allow Park Assist, though, to argue capability as it relates to the Airport Case, as the

plain language of Park Assist's complaint in that case clearly states that the system already in place was directly infringing the '956 patent. *Park Assist LLC v. San Diego County Regional Airport Authority, et al.*, 3:18-cv-02068-BEN-DEB, ECF No. 1, 4.

**IT IS SO ORDERED.**

DATED: April 14, 2022

**Hon. Roger T. Benitez**
United States District Court